**CARPENTER, Appellee,**

**v.**

**JETTER, Appellant.**

[Cite as *Carpenter v. Jetter* (1997), 122 Ohio App.3d 443.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–12–110.

Decided Aug. 25, 1997.

*Linda Carpenter, pro se.*

*Thomas W. Condit,* for appellant.

---

PowELL, Judge.

On July 18, 1991, defendant-appellant Charles Jetter and plaintiff-appellee Linda Carpenter were divorced. The divorce decree issued by the Clermont County Court of Common Pleas, Domestic Relations Division ("domestic relations court"), awarded custody of the parties' two children, Amanda and Danny Jetter, to appellee.

In November 1992, appellant filed a motion for change of custody pursuant to R.C. 3109.04(E). However, a complaint which alleged that Amanda was a dependent child was subsequently filed in Clermont County Juvenile Court. The juvenile court held a shelter-care hearing on September 29, 1993 at which it awarded temporary custody of Amanda to appellant. The domestic relations court thereafter relinquished jurisdiction and transferred the case to the juvenile court pursuant to R.C. 3109.04(D)(2).

On March 24, 1994, the juvenile court issued an interim order in which it awarded temporary custody of both Amanda and Danny to appellant pending its decision on the original change-of-custody motion appellant had filed in November 1992. The juvenile court held a hearing and then issued a detailed written decision on December 29, 1994 in which it overruled appellant's motion for a change of custody and returned custody of the children to appellee. The juvenile

court's order also permitted appellant to exercise visitation on alternating weekends and at certain other specified times.

On July 30, 1996, appellant filed a contempt motion in which he alleged that appellee had interfered with his visitation rights by deceiving him as to Amanda's whereabouts. The juvenile court held a contempt hearing on September 26, 1996. Appellant testified that he spoke with appellee by telephone on July 1, 1996 because he wished to visit with Amanda. Appellant testified that appellee told him that Amanda was camping in Indiana with friends and that she would not be home for four days.

Appellant testified that he spoke with appellee a second time on July 4, 1996. Appellee again told appellant that Amanda was camping in Indiana with friends and that she would be home in four days. Appellant then called appellee each week for the next six weeks and was continually told by appellee that Amanda was camping in Indiana with friends. Appellant later learned that Amanda had been camping in Pennsylvania when he received a message from Amanda on his telephone answering machine on August 17, 1996.

Appellee also testified at the contempt hearing. Appellee admitted that she had deceived appellant as to Amanda's whereabouts, but also stated that she had done so because she was afraid appellant might embarrass Amanda by disrupting the camping trip. The juvenile court overruled appellant's contempt motion in an order dated October 15, 1996. The juvenile court specifically found that appellee was not in contempt of court because she had not intended to "wilfully violate" the visitation order. Appellant now appeals setting forth the following assignment of error:

"The trial court erred to the prejudice of the defendant–appellant in overruling his motion for contempt of court and to enforce visitation."

R.C. 2705.031(B)(2) provides that "[a]ny person who is granted visitation rights under a visitation order or decree * * * may initiate a contempt action for a failure to comply with, or an interference with, the order or decree." R.C. 2705.02 further provides:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]"

R.C. 2705.031(B)(2) and 2705.02(A) permit a trial court to punish a residential parent for any act that interferes with the court's visitation order. *Combs v. Combs* (Feb. 12, 1996), Warren App. No. CA95–04–037, unreported, 1996 WL 56043. The uncontroverted evidence presented in this case indicates

that appellee interfered with the visitation order by purposefully deceiving appellant as to Amanda's whereabouts during a seven-week period in July and August 1996. Such actions by appellee constitute contempt of court. See *Dickard v. Ringenbach* (Aug. 18, 1994), Cuyahoga App. No. 66136, unreported, 1994 WL 449424. Accordingly, we hold that the juvenile court erred in finding that appellee's interference with the visitation order did not rise to the level of contempt of court. Appellant's sole assignment of error is sustained. The judgment of the juvenile court is hereby reversed, and this cause is remanded to the Clermont County Court of Common Pleas, Juvenile Division, to determine what sanctions, if any, are appropriate.

*Judgment accordingly.*

KOEHLER, J., concurs.

WILLIAM W. YOUNG, P.J., dissents.

WILLIAM W. YOUNG, Presiding Judge, dissenting.

The evidence showed that the juvenile court refused to enforce the visitation order concerning the seventeen-year-old child when it considered the fact that appellant had a history of sabotaging the child's friendships so that appellant could have visitation.

In order to reverse the juvenile court's decision, we must find that the court abused its discretion in refusing to make a contempt finding. In my opinion, the decision is not an abuse of discretion, and I would thus affirm it.